UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CLEAR!BLUE, LLC,
a Michigan limited liability company,

      Plaintiff,

                                          Civil No. 07-13506
                                          Hon. John Feikens

      v.

CLEAR BLUE, INC.,
a North Carolina corporation,

      Defendant.
_____/


**OPINION AND ORDER**

On August 16, 2007, Clear Blue, Inc. ("Clear Blue") filed suit against Clear!Blue, LLC ("C!B")[1] in the Western District of North Carolina. Four days later, on August 20, 2007, C!B filed this declaratory judgment action against Clear Blue in the Eastern District of Michigan. Both suits center on whether C!B has infringed Clear Blue's trademarks. Clear Blue has moved this Court to dismiss this action for lack of personal jurisdiction, improper venue, and pursuant to the first-to-file rule. For the reasons set forth below, I GRANT Clear Blue's motion and dismiss this action without prejudice pursuant to the first-to-file rule.

---

[1]Clear Blue's suit in the Western District of North Carolina was actually brought against C!B's predecessor-in-interest, Clear!Blue, Inc., but C!B has responded to the complaint on its predecessor-in-interest's behalf. .

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

C!B is a Michigan LLC that provides strategic communication and event planning services. Clear Blue is a North Carolina corporation that supplies advertising services. On June 13, 2003, C!B filed a declaratory judgment action in the Eastern District of Michigan seeking a declaration that it did not violate Clear Blue's trademarks. C!B never served Clear Blue with its complaint and voluntarily dismissed the action less than four months after filing it.

On August 16, 2007, Clear Blue filed suit against C!B's predecessor-in-interest in the Western District of North Carolina. In the suit, Clear Blue alleges federal claims for trademark infringement and unfair competition and state law claims for unfair and deceptive trade practices, trademark infringement, and unfair competition. Four days later, on August 20, 2007, C!B responded by filing this suit against Clear Blue in the Eastern District of Michigan. C!B's suit seeks declarations that C!B does not infringe Clear Blue's trademarks and that Clear Blue is barred from bringing claims under the Lanham Act against C!B by the doctrines of laches, waiver, acquiescence and equitable estoppel.

C!B moved for summary judgment on September 5, 2007. On October 5, 2007, Clear Blue brought a motion to dismiss this case for lack of personal jurisdiction, improper venue, and pursuant to the first to file rule.

## II. ANALYSIS

**A. The First to File Rule**

The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. <u>Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.</u>, 16 F. App'x 433, 437 (6th Cir.2001). The rule provides that when actions involving nearly identical parties

and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment. Id. (quoting In re Burley, 738 F.2d 981, 988 (9th Cir.1984)); see also Smith v. McIver, 9 Wheat. 532, 22 U.S. 532, 535, 6 L.Ed. 152 (1824) ("[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it.")  Courts have discretion to dispense with the first-to-file rule when equity so demands, but as a principle of sound judicial administration, the first suit should have priority, absent special circumstances.  Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1081 (Fed.Cir.1989) (quoting William Gluckin & Co. v. Int'l Playtex Corp., 407 F.2d 177, 178 (2d Cir.1969)). Special circumstances may include inequitable conduct, bad faith, anticipatory suits, forum shopping or significant policy considerations.   Nartron Corp. v. Quantum Research Group, Ltd., 473 F.Supp.2d 790, 795 (E.D.Mich.2007) (quoting Zide, 16 Fed. App'x. at 437); See AmSouth Bank v. Dale, 386 F.3d 763, 791 n. 8 (6th Cir.2004).

Courts in the Sixth Circuit have also declined to apply the first-to-file rule when a declaratory judgment action is filed before a coercive action involving the same parties and issues. AmSouth Bank, 386 F.3d at 791 ("In any case, the first-to-file rule is not a strict rule and more often than not gives way in the context of a coercive action filed subsequent to a declaratory action."); see also Zide, 16 Fed, App'x at 437 ("A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing."); UAW v. Dana Corp., 1999 WL 33237054 at *6 (N.D. Ohio 199) ("Cases construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create, in practical effect, a presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit.").  Courts in other circuits have

3

also given precedence to substantive actions, even when declaratory judgment actions involving the same parties and issues are filed first. See Essex Group, Inc. v. Cobra Wire and Cable, Inc., 100 F.Supp.2d 912, 915 (N.D. Ind. 2000) ("[C]ourts within this circuit have recognized two policy arguments supporting the dismissal of a declaratory action brought solely in anticipation of an infringement suit. First, allowing a potential defendant to make a procedural preemptive strike robs the natural plaintiff of his ability to select his forum. Second, prohibiting a 'race to the courthouse,' encourages settlement and discourages costly duplicate litigation.); Nortek, Inc. V. Molnar, 36 F.Supp.2d 63, 70 (D.R.I 1999) (dismissing first-filed declaratory judgment in favor of subsequent coercive action.).

Courts have identified three factors to consider in determining whether to invoke the first-to-file rule: "(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." Plating Resources, Inc. v. UTI Corp., 47 F.Supp.2d 899, 903-04 (N.D.Ohio 1999) (citing Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625-26 (9th Cir.1991)).

### 1. Analysis of Factors

#### a. The Chronology of the Actions

In this instances, the first action was filed in the Western District of North Carolina on August 16, 2007. The second action was filed here in the Eastern District of Michigan four days later, on August 20, 2007. The chronology of the actions favors invoking the first-to-file rule and dismissing this action.

#### b. The Similarity of the Parties Involved

Clear Blue brought suit against C!B's predecessor in interest in the Western District of

4

North Carolina. C!B has acknowledged the suit and answered the complaint in its predecessor-in-interest's behalf. C!B filed the action that is currently before the court against Clear Blue in the Eastern District of Michigan. The parties in both actions, therefore, are essentially the same.

### c. Similarity of the Issues at Stake

In the law suit it brought in the Western District of North Carolina, Clear Blue alleges that C!B violated federal trademark and unfair competition laws and North Carolina laws governing deceptive trade practices, trademark infringement and unfair competition. In the suit brought here in the Eastern District of Michigan, C!B seeks a declaratory judgment holding that it does not infringe Clear Blue's trademarks and that Clear Blue is barred from bringing claims against C!B under the Lanham Act by the doctrines of laches, waiver, acquiescence and equitable estoppel. The issue of trademark infringement is the central inquiry in both actions.

For the reasons set forth above, I find that each of three factors weighs in favor of dismissing this action pursuant to the first to file rule.

### 2. 2003 Declaratory Judgment Action

C!B argues that I should keep this case because the declaratory judgement action that C!B brought against Clear Blue in 2003 was filed in the Eastern District of Michigan. This argument misses the mark for at least two reasons. First, the first-to-file doctrine promotes judicial efficiency by keeping multiple courts from *concurrently* deciding similar issues between similar parties. The fact that a court in the Eastern District of Michigan had jurisdiction over a case with similar parties and issues that was *voluntarily dismissed over four years ago* is inapposite to the analysis of whether I should apply the first-to-file rule. Second, even if I did consider C!B's 2003 case in my analysis, I believe that coercive actions, like Clear Blue's case

5

in the Western District of North Carolina, should with few exceptions be given precedence over declaratory judgment actions, even when a declaratory judgment action presenting similar parties and issues is filed first.

### 3. Special Circumstances and Equitable Considerations

I have discretion to set aside the first-to-file rule if equity so requires. C!B alleges that Clear Blue represented that it was not going to pursue the issue of trademark infringement, leading C!B to voluntarily dismiss its 2003 declaratory judgment action. By then bringing a trademark suit in North Carolina, Clear Blue has gained a strategic advantage by misleading C!B.

There is, however, no evidence that Clear Blue purposely misled C!B concerning its intentions. In addition, I believe that C!B's arguments concerning Clear Blue's conduct may be appropriately raised and considered in the coercive action in North Carolina. I, therefore, find that there are no special circumstances in this matter that merit setting aside the first-file-rule.

### B. Personal Jurisdiction and Venue

Because I have found that dismissal is proper pursuant to the first-to-file rule, I do not need to analyze whether this Court has personal jurisdiction over Clear Blue or whether venue is proper.

### III. CONCLUSION

For the reasons set forth above, I GRANT Clear Blue's motion and dismiss this action without prejudice.

**IT IS SO ORDERED.**

Date:   November 7, 2007            s/John Feikens
                                    United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on November 7, 2007, by U.S. first class mail or electronic means.
>
> s/Carol Cohron
> Case Manager